UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENTIN JEAN-LOUIS,<br><br>        Plaintiff,<br><br>-against-<br><br>CARRINGTON MORTGAGE SERVICES, Does 1-10,<br><br>        Defendants. | Case No.: 19-cv-04302 (ILG) (CLP)<br><br>**DECLARATION IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(2) & (6)** |

  Kenneth J. Flickinger, an attorney admitted to practice before this Honorable Court, hereby declares under the penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

  1. I am a member of Eckert Seamans Cherin & Mellott, LLC, attorneys for Defendant Carrington Mortgage Services, LLC, s/h/a Carrington Mortgage Services ("CMS"). As such, I am familiar with facts and procedural history of this case. This declaration is submitted in support of CMS's motion pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure ("FRCP") seeking (1) an Order dismissing this action and (2) such other and further relief as this Court deems just and proper.

  2. The facts set forth below are either taken from the Amended Verified Complaint (the "Amended Complaint"), are supported by documentary evidence that is incorporated by reference in the Amended Complaint or susceptible to judicial notice, or consists of pleadings from cases in which Plaintiff, or a party in privity with Plaintiff, has participated.

  3. The alleged negligence and other tort claims asserted against CMS in this action concern cash and other personal property that plaintiff Valentin Jean-Louis ("Plaintiff") alleges that he kept in, and were stolen from, a real property situated in the County of New London, Connecticut, known by the street address 115 Yantic Lane, Norwich, CT (the "Property"). CMS

was the servicer for the mortgage secured by the Property in Connecticut during the relevant period. On or around February 2017, through an agent, CMS secured the Property, which is the Trust's right pursuant to the mortgage contract. The mortgagor, Djenane Poulard, commenced an action in Connecticut Superior Court alleging that $150,000.00 worth of personal property was not returned after the Property was secured. The complaint in that action was initially stricken and, ultimately, a final judgment of nonsuit was entered in favor of CMS. Plaintiff in this action now alleges that he too had personal property in the Property that was stolen.

4. As more fully set forth in the accompanying Memorandum of Law, New York courts (either state or federal) lack personal jurisdiction over CMS. As the United States Supreme Court set out in the *Diamler* case, merely doing business in a state is not sufficient grounds to exercise general jurisdiction over a company. CMS is not at home and thus subject to general jurisdiction in New York, and the alleged tortious acts and injury occurred in Connecticut and therefore there is also no specific jurisdiction. There is no basis for personal jurisdiction over CMS in this case under law or according to the allegations in the Amended Complaint.

5. Notwithstanding the lack of jurisdiction, the Amended Complaint also fails to state a claim upon which relief can be granted. Plaintiff's allegations lack sufficient factual detail to render the claims asserted plausible and thus survive dismissal.

## RELEVANT FACTS

**The Mortgage Secured By The Property:**

6. This action is related to CMS's servicing of a mortgage loan given by Anthony J. Principi, as Secretary of Veterans Affairs, an office of the United States, to Djenane Poulard and Elvie Poulard, on June 25, 2002, in the original principal amount of $157,780.00.

7. In connection with the transaction, Djenane Poulard and Elvie Poulard executed and delivered a mortgage against the Property (the "Mortgage"). A copy of the Mortgage is annexed hereto as **Exhibit "1"**.

8. The Mortgage was assigned to Deutsche Bank National Trust Company, as Trustee of Vendee Mortgage Trust 2002-3 (the "Trust"), by assignment of mortgage dated September 12, 2002, and recorded in the office of the Town Clerk, Norwich, CT (the "Assignment"). A copy of the recorded Assignment is annexed hereto as **Exhibit "2"**.

**Plaintiff's Allegations:**

8. Plaintiff alleges that he had personal property in the Property. Amended Complaint ¶ 6. He alleges that CMS "did not have permission to take property in plaintiff's home and exercise dominion over said property." Amended Complaint ¶ 8.

9. The Summons in this case states that the basis of venue is Plaintiff's residence in Queens County, New York. A copy of the Summons, Complaint, and Amended Complaint, are annexed to the Notice of Removal filed on July 25, 2019.

10. The Amended Complaint implies, but does not specifically allege, that Plaintiff lived or had some possessory interest in the Property in Connecticut at the time of the alleged acts complained of, stating "[t]he defendants also stole monies and various item from the premises of the plaintiff. They had no consent to take these items or enter the premises." *See* Amended Complaint ¶ 11.

**The Foreclosure Action:**

11. On May 22, 2017, the Trust commenced an action in the Superior Court, Judicial District of New London, styled *Deutsche Bank National Trust Company, as Trustee of Vendee Mortgage Trust 2002-3, et al.,* under Docket No. KNL-CV17-6030227-S (the "Foreclosure

Action") to foreclose upon the Mortgage by filing a Summons and Complaint with the court. A Copy of the Summons and Complaint are collectively annexed hereto as **Exhibit "3"**. As alleged and established in the Foreclosure Action, the defendants defaulted on the mortgage loan secured by the Property by failing to make the monthly payment due April 1, 2016, and each payment thereafter. A copy of the motion for strict foreclosure, setting forth the date of default, is annexed hereto as **Exhibit "4"**.

12. The Trust obtained Judgment of Strict Foreclosure on May 7, 2018. A copy of the Judgment is annexed hereto as **Exhibit "5"**.

**Poulard Litigation:**

13. On May 22, 2017, Djenane Poulard, the owner of the Property, filed a civil action against CMS and the Trust, alleging the identical facts that are alleged in the Amended Complaint in this case. A copy of the Poulard Complaint is annexed hereto as **Exhibit "6"**.

14. CMS and the Trust moved to strike the Poulard Complaint for failure to sufficiently plead the causes of action. The motion to strike was granted. The court held:

> The motion to strike the four counts of the self represented plaintiff's complaint is granted, because plaintiff has not alleged sufficient facts in the complaint to set forth a basis for any trier of fact to conclude that plaintiff can win at trial if the facts alleged in the complaint are proved. In other words plaintiff must allege in the complaint sufficient facts as pointed in defendant's memorandum of law so that if the facts alleged in the complaint are proved to be true plaintiff can win the case. That is what plaintiff must do if plaintiff chooses to plead again.

A copy of the dismissal order is annexed hereto as **Exhibit "7"**.

15. Poulard amended the complaint. CMS and the Trust submitted a request to revise because the amended complaint was still not sufficiently pled.

16.  Poulard amended the complaint a second time. The second amended complaint was insufficiently pled, resulting in CMS and the Trust requesting revision again. Poulard did not revise the second amended complaint. CMS moved for non-suit for failure to plead, which was granted.

17.  Djenane Poulard did not take a timely appeal of the dismissal orders.

**Personal Jurisdiction**

18.  As set forth in the Notice of Removal, CMS is not "at home" in New York State. CMS is a Delaware limited liability company, with its principal place of business located in Anaheim, California.

19.  Plaintiff allegedly currently resides in New York.

20.  The acts complained of in this case occurred in Connecticut.

21.  As more fully set forth in the accompanying memorandum of law, the New York Courts where this action was commenced do not have general personal jurisdiction over CMS based on the facts alleged in the Amended Complaint. This action should be dismissed for lack of personal jurisdiction.

22.  Alternatively, the Amended Complaint should be dismissed for failure to state a cause of action.

Dated: White Plains, New York
       August 22, 2019

                                    Respectfully submitted,

                                    **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

**By:** /S/ *Kenneth J. Flickinger*
Kenneth J. Flickinger, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
(914) 949-2909

*Attorneys for Defendant*

*Carrington Mortgage Services, LLC*