```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VALENTIN JEAN-LOUIS

                Plaintiff,                              MEMORANDUM AND ORDER
                                                        19-CV-04302
        - against -


CARRINGTON MORTGAGE SERVICES,
and DOES 1-10

                Defendants.
-----------------------------------------------------------x
```
GLASSER, Senior United States District Judge:

On May 29, 2019, Plaintiff Valentin Jean-Louis filed this action against Defendant Carrington Mortgage Services, LLC in New York Supreme Court, Queens County, alleging negligence, negligence per se, civil theft, and conversion. (ECF No. 1-1, "Compl.").[1] Two days later, Plaintiff filed a nearly identical amended complaint. (ECF No. 1-2, "Am. Compl."). Once served, Defendant removed the case based on diversity jurisdiction.[2] (ECF No. 1).

Plaintiff now moves to remand to state court for lack of diversity jurisdiction. (ECF No. 11). Defendant opposes the motion, presenting evidence that the parties are diverse and the amount in controversy exceeds $75,000. (ECF No. 19-7, "Opp'n"). The Court heard oral argument on September 13, 2019. (9/13/19 Oral Arg. Tr. ("Tr.")). For the reasons discussed below, Plaintiff's motion is **DENIED**.

---

[1] The caption of the amended complaint lists "Does 1-10" as defendants. (ECF No. 1-2). No additional parties have been identified since the amended complaint was filed. Plaintiff and Defendant both agree, however, that the Court's analysis need not take into account nominal or fictitious parties. (ECF No. 11 at 5; ECF No. 19-7 at 4). Accordingly, Plaintiff and Defendant are the only parties considered in the resolution of this motion.

[2] Plaintiff eventually served Defendant with the amended complaint on July 5, 2019, more than one month after it was filed. (ECF No. 1-3). Defendant was apparently never served with the original complaint. (ECF 11 at 2).

1

## BACKGROUND

Plaintiff Valentin Jean-Louis is a resident of Queens, New York. (ECF 1-2 at 1). Defendant Carrington Mortgage Services, LLC is a Delaware limited liability company that provides mortgage services in Connecticut, with its principal place of business in California. (Am. Compl. ¶ 1; ECF No. 19-6, "Osterman Aff." ¶ 3).

Plaintiff's claims arise from allegedly stolen or damaged property at a house in Norwich, Connecticut. (Am. Compl. ¶¶ 2-6). Plaintiff alleges that while the house was vacant, Defendant, in accordance with the terms of a mortgage on the house, and for the purpose of inspecting its condition, entered it without notice to its owner or Plaintiff. (*Id.* ¶ 3). The record is bare regarding any property or other interest of Plaintiff in the house or that his existence was known to Defendant or to whom anything in the house belonged. He alleges that cash and clothing he had stored in the house was missing and/or was stolen by Defendant or negligently left unlocked, allowing others to steal it. The amended complaint provides no other facts.

The original complaint—filed on May 29, 2019, and verified by counsel—alleges that Plaintiff's property was "worth at least $150,000." (Compl. ¶ 6). That amount was omitted from the amended complaint, which is otherwise identical to it. (*See* Am. Compl. ¶ 6). In support of his motion, Plaintiff submits a declaration explaining the discrepancy, as reflecting a miscommunication with his counsel. (ECF No. 11-1, "Jean-Louis Decl." ¶¶ 4-7). He further declares that stolen from the house was $50,000 in cash he withdrew from an account with a balance of $150,000. (*Id.*). Plaintiff contends that when drafting the original complaint, counsel erroneously listed the $150,000 account balance as the total value of the stolen or damaged property. (*See* Tr. 7:17-24). Plaintiff now declares that his damages are less than $75,000, comprised of $50,000 cash, and clothing worth an unspecified sum. (Jean-Louis Decl. ¶¶ 4-5).

**LEGAL STANDARD**

**I.     Legal Standard Governing Remand of an Action**

Under 28 U.S.C. § 1441(a), a defendant sued in state court may remove the action to federal court if the suit "could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A.* v. *Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005). The removing party "bears the burden of demonstrating the propriety of removal," which is determined by the pleadings at the time of removal. *Grimo* v. *Blue Cross/Blue Shield, of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994); *see also Spring Mountain Partners QP I, LP v. Goldenson*, No. 14 Civ. 7747 (PGG), 2014 WL 12772235, at *2 (S.D.N.Y. Dec. 15, 2014). When deciding whether to remand, "[r]emoval jurisdiction must be strictly construed, 'both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns.'" *Heery v. Stop & Shop Supermarket Co. LLC*, No. 17-CV-1962 (DLI) (PK), 2017 WL 1745490, at *2 (E.D.N.Y. May 3, 2017) (quoting *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 324 (E.D.N.Y. 1998)). Accordingly, where possible, "doubts must be resolved against removability due to the respect accorded the limited jurisdiction of the federal courts and the rights of states." *Id.* (citing *In re Methyl Tertiary Butyl Ether Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)).

**II.    Diversity Jurisdiction**

The requirements for diversity jurisdiction are set forth in 28 U.S.C. § 1332(a), which confers upon federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The parties must be completely diverse—*i.e.*, "all plaintiffs [must] be citizens of states diverse from those of all defendants." *Van Buskirk v. United Grp. of*

*Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (quoting *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014)). In addition, the removing party "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). "Where, as here, jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

## DISCUSSION

### I. Diversity of the Parties

Defendant has established that the parties are diverse. Although Plaintiff has not affirmatively stated his citizenship, he does not dispute he is a New York citizen. In fact, when asked whether he lives in New York *permanently*, Plaintiff's counsel responded: "He lives there and he -- yes." (Tr. 10:1-2). Based on the evidence before the Court, and Plaintiff's failure to produce anything to the contrary, Plaintiff is a New York citizen.

On the other hand, Defendant has presented competent evidence—an affidavit, sworn to by an authorized representative—that it is a citizen of different states. (Osterman Aff. ¶¶ 3-9). The affiant attests that Defendant is a Delaware limited liability company with its principal place of business in California. (*Id.* ¶ 3). Because a "limited liability corporation has the citizenship of each of its members for the purposes of diversity jurisdiction," Defendant also certifies the citizenship of its members. *Crowhurst v. Szczucki*, No. 16-CV-182 (JGK), 2017 WL 519262, at *2 (S.D.N.Y. Feb. 8, 2017) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48,

51-52 (2d Cir. 2000)). As sworn to by the affiant, Defendant's members are citizens of Connecticut, California, and Tennessee—not New York. (Osterman Aff. ¶¶ 3-9).

Plaintiff does not rebut this evidence. Rather, he baldly claims that the citizenship of Defendant's members is still unknown, implicating that the affidavit is perjurious. (*See* Tr. 3:12-4:8). Plaintiff's *ipse dixit* challenge to Defendant's declaration of diversity is unavailing.

## II.     Amount in Controversy

The Court is also persuaded that the amount in controversy requirement is met. As is well-established, the "amount in controversy is determined at the time of removal." *Abdale v. North Shore-Long Island Jewish Health Sys., Inc.*, No. 13-CV-1238 (JS)(WDW), 2014 WL 2945741, at *5 (E.D.N.Y. June 30, 2014). The operative pleading at the time of removal was the amended complaint. But, because Plaintiff is silent as to damages, the Court considers evidence beyond the pleadings. *See United*, 30 F.3d at 305 ("Where the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record.").

The record supports a finding that Plaintiff's claims are in excess of $75,000. The original complaint alleges damages of "at least $150,000." (Compl. ¶ 6). These damages were pled affirmatively in the verified original complaint, not on information and belief. (Compl. at 6). The amended complaint is, at the very least, studiously ambiguous as to the amount of his claims except for his initial assessment of it to be $150,000, which the Court finds satisfies its jurisdictional prerequisite.

The causes of action asserted by Plaintiff further reinforce this finding. Plaintiff's claims include intentional torts for which treble damages are available. *See, e.g.*, *Bindrum v. American Home Assurance Co., Inc.*, 441 F. App'x 780, 782 (2d Cir. 2011) ("[P]unitive damages can be

considered in determining whether the jurisdictional amount in controversy has been satisfied if punitive damages are allowed under the controlling law."). "Federal courts exercising diversity jurisdiction must apply the choice of law rules of the forum state . . . to determine which state's substantive law applies." *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999). In New York, "where the plaintiff and defendant are domiciled in different states, the applicable law in an action where civil remedies are sought for tortious conduct is that of the situs of the injury." *Locke v. Aston*, 814 N.Y.S.2d 38, 42 (1st Dep't 2006). The situs of the injury in this case is Connecticut, and all of the alleged facts are Connecticut-based. Under New York's choice of law principles, Connecticut law would apply.

As noted by Defendant, Plaintiff asserts a civil theft claim which exists under Connecticut law, but not New York law. (*See* Opp'n 14). If he prevailed, Plaintiff would be entitled to treble damages exceeding $75,000. Connecticut law provides that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." Conn. Gen. Stat. § 52–564; *see also id.* § 53a-119 (defining larceny); *Whitaker v. Taylor*, 916 A.2d 834, 843 (Conn. App. Ct. 2007) (noting treble damages are available for civil theft claims). Plaintiff has alleged that the value of his stolen or damaged property was around $60,000 (Tr. 12:7-10), meaning he could potentially recover treble damages of $180,000. Thus, the amount in controversy exceeds $75,000.

Plaintiff's representations at oral argument do not suggest otherwise. Although counsel stated that Plaintiff might be willing to enter a stipulation precluding recovery over the threshold amount, counsel only did so while declining to consider the merit of the civil theft claim, "until there's some sort of discovery." (Tr. 20:24-21:2).

6

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to remand this case to state court is **DENIED**. The parties are directed to submit a revised schedule to complete briefing on the pending motion to dismiss, ECF No. 12.

SO ORDERED.

Dated: Brooklyn, New York
October 22, 2019

/s/
I. Leo Glasser        U.S.D.J.