UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VALENTIN JEAN-LOUIS,

                Plaintiff,          MEMORANDUM AND ORDER
                                            19-CV-04302

   - against -

CARRINGTON MORTGAGE SERVICES,
and DOES 1-10,

                Defendants.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

        Plaintiff Valentin Jean-Louis brought this action in New York state court against defendant Carrington Mortgage Services, LLC ("CMS") for civil theft, negligence, negligence *per se*, and conversion.[1] Following CMS's removal to this District, the Court denied plaintiff's motion to remand. He now moves to certify that order for interlocutory appeal. With his motion pending, the parties also briefed CMS's motion to dismiss the complaint under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, plaintiff's motion to certify is **DENIED**, and CMS's motion to dismiss is **GRANTED**.

## BACKGROUND

        Plaintiff alleges that CMS is a Pennsylvania corporation that provides "mortgage services in Connecticut."[2] (ECF No. 1-2, "Compl." at ¶ 1). He claims that, in February 2017, CMS either stole or caused others to steal his "personal property" stored at a residence in Norwich,

---

[1] Although the complaint's caption lists "Does 1-10" as defendants, no allegations describe those individuals, much less any actionable claims against them. The parties treat CMS as the only defendant, as will the Court.

[2] As discussed *infra*, CMS is a Delaware limited liability company with a principal place of business in California. (ECF No. 19-6 at ¶ 3).

1

Connecticut. (*Id.* ¶¶ 2–8, 11). He alleges that, after a mortgage on the home was foreclosed, CMS entered the premises without notice and stole plaintiff's property or negligently left the residence unlocked, thus enabling his property to be stolen. (*Id.*). Plaintiff does not allege he is an owner or tenant or that he has any other property interest in the residence; his only contention is that he stored "personal property" there. (*Id.* ¶ 6). That is the sum of his case.

## LEGAL STANDARD

### I. Motion to Certify for Interlocutory Appeal

A district court may, in its discretion, certify for appeal an interlocutory order if it believes the order (1) involves a controlling question of law; (2) for which there is substantial ground for difference of opinion; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The Second Circuit has repeatedly held that certification is strictly limited because "only 'exceptional circumstances' will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)). Thus, a party must specify with particularity the prerequisites for the order he seeks. Even then, "district courts have 'unfettered discretion to deny certification' if other factors counsel against it." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 399 F. Supp. 2d 320, 322 (S.D.N.Y. 2005) (quoting *National Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 163 (E.D.N.Y. 1999)).

### II. Motion to Dismiss

Rule 12(b)(2) requires a court to dismiss a claim when it lacks personal jurisdiction over the defendant. To defeat dismissal, a plaintiff bears the burden of establishing that personal jurisdiction is proper. *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir.

2013). Where no evidentiary hearing is held, nor any discovery conducted, that burden is satisfied upon a *prima facie* showing of jurisdiction. *Lombardi v. Staples, Inc.*, No. 15-cv-6158 (SJF)(AKT), 2016 WL 11509961, at *3 (E.D.N.Y. Dec. 15, 2016). However, the plaintiff must aver "'facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant,' and the court 'will not draw argumentative inferences in the plaintiff's favor.'" *Id.* (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)). A court may consider materials outside of the pleadings, but factual doubts are resolved in plaintiff's favor and "jurisdictional allegations are accepted as true to the extent they are uncontroverted by the defendant's affidavits." *Id.*

## DISCUSSION

### I. Motion to Certify for Interlocutory Appeal

Plaintiff asks the Court to certify the order denying remand, having found that CMS sufficiently demonstrated diversity jurisdiction. (ECF No. 23 at 4–6). CMS provided competent evidence of each LLC members' diverse citizenship and demonstrated that the amount in controversy exceeds $75,000. (*Id.*). Plaintiff now seeks piecemeal appellate review of that determination, arguing that (1) the Court should not have accepted an affidavit of a CMS representative who swore to the citizenship of each LLC member because she did not also name each member who is a natural person; and (2) when calculating the amount in controversy, the Court should not have considered the damages amount requested in the original verified complaint. (ECF No. 29-1, "Cert. Br." at 4–6).[3] Relying on these arguments, plaintiff fails to demonstrate any of the factors necessary for certification.

---

[3] Pagination corresponds to the page numbers assigned by ECF.

First, the order does not involve a controlling question of law. Although the Second Circuit has not precisely defined a "controlling question of law," courts look to whether (1) "reversal of the district court's opinion could result in dismissal of the action;" (2) "reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action;" or (3) "the certified issue has precedential value for a large number of cases." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (citing *Klinghoffer*, 921 F.2d at 24–25). Plaintiff has not satisfied these conditions.

Second, even if he established a controlling question of law, plaintiff has not shown any substantial grounds for difference of opinion concerning that question. While rehashing his prior arguments, plaintiff notably omits any authority evidencing meaningful disagreement. In fact, he cites just two cases, neither of which is instructive. (Cert. Br. 5–6).

In *E.R. Squibb & Sons, Inc. v. Accident & Casualty Insurance Company*, the Second Circuit addressed jurisdictional issues peculiar to the membership structure of Lloyd's of London, the prominent insurance market. 160 F.3d 925 (2d Cir. 1998). Although *Squibb* offers interesting insight into Lloyd's unique syndicates of insurers, it bears little relevance to this case. Similarly unavailing is plaintiff's passing reference to *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). *Grupo Dataflux* considered a partnership's post-filing change in citizenship—a question clearly not at issue here. *Id.* at 568.

Third, an immediate interlocutory appeal will not materially advance the ultimate termination of this case. Plaintiff maintains that an immediate appeal will "eliminate the need for further proceedings in this Court."[4] (Cert. Br. 6). In other words, it will only move the proceedings

---

[4] Plaintiff also argues that adjudication of the motion to certify would obviate the need to brief CMS's motion to dismiss. (Cert. Br. 6). That argument is now entirely moot.

4

to another forum—it will not accelerate resolution of the litigation. Accordingly, plaintiff's motion to certify is denied.

## II. Motion to Dismiss Under Rule 12(b)(2)

In a diversity action, personal jurisdiction is determined by the law of the state in which the court sits and must be consistent with due process. *Lombardi*, 2016 WL 11509961, at *3. Plaintiff's opposition to the motion muddles general and specific jurisdiction while invoking inapplicable provisions of New York Civil Practice Law and Rules ("CPLR"). (*See* ECF No. 31, "Opp'n" at 3–5).[5] Nevertheless, the Court will construe his opposition as asserting two alternative bases for personal jurisdiction: (1) general jurisdiction under CPLR § 301; and (2) specific jurisdiction under CPLR § 302(a)(3). Even if these arguments were adequately asserted, neither would prevail.

### A. General Jurisdiction Under CPLR § 301

A foreign company is subject to general jurisdiction where its "contacts with a state are 'so "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Plaintiff contends that because CMS transacts substantial business in New York, it must also be "at home" here. The Court disagrees.

The Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014) leaves no doubt that general jurisdiction rarely extends beyond an entity's state of incorporation and principal place of business.[6] Plaintiff does not dispute that CMS is a Delaware limited liability

---

[5] Pagination corresponds to the page numbers assigned by ECF.

[6] Plaintiff's suggestion that *Daimler* does not apply to limited liability companies conflates the test for diversity with that of personal jurisdiction. (Opp'n 3–4). Since *Daimler*, courts have applied

company with its principal place of business in California. (ECF No. 19-6 at ¶ 3; Opp'n 2–5). Instead, he argues that CMS has "significant contacts with New York" because it is "one of the largest mortgage companies" in the state, and one of thirteen companies that represent "70% of the New York market." (Opp'n 3). Even if true, that is insufficient under *Daimler*. Mere "'engagement in a substantial, continuous, and systematic course of business' is alone insufficient to render it at home in a forum." *Sonera Holding*, 750 F.3d at 226.

B.     **Specific Jurisdiction Under CPLR § 302**

Plaintiff next argues that the Court may exercise specific jurisdiction under CPLR § 302(a)(3) because CMS committed "a tortious act without the state causing injury to person or property within the state." (Opp'n 4–5). Although he alleges tortious acts outside of New York, that conduct did not result in an injury "within the state" as required by the statute.

Under CPLR § 302(a)(3), the situs of an injury is determined by the location of the "original event which caused the injury." *Allstate Ins. Co. v. Mah*, No. 19-cv-2866 (ARR) (RML), 2019 WL 5537589, at *2 (E.D.N.Y. Oct. 25, 2019) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999)). Plaintiff claims that the situs of his injury is New York because "[t]he theft of his cash [in Connecticut] impaired his ability to transact business in New York." (Opp'n 5). The simple claim is that his money was stolen and it would be an "injury" to plaintiff wherever he happened to be when his money was claimed to have been stolen. In essence, the situs of the "wrong" he claims is where it was alleged to have occurred, namely, Connecticut. Construing the facts in his favor, plaintiff fails to make even a *prima facie* showing

---

its reasoning to LLCs. *See, e.g.*, *Finn v. Great Plains Lending, LLC*, No. 15-CV-4658, 2016 WL 705242, at *3 n.3 (E.D. Pa. Feb. 23, 2016) ("While [Defendant] is an LLC and not a corporation, the reasoning of *Daimler* applies with equal force.").

of specific jurisdiction. Therefore, CMS's motion to dismiss for lack of personal jurisdiction is granted.[7]

### C. Leave To Amend

Plaintiff's proposed amended complaint does not cure the jurisdictional defects that plague the original amended complaint. (ECF No. 31-3). He reiterates nearly identical facts and fails to establish a basis for general or specific jurisdiction. Although leave to amend is freely granted, amendment is futile here. *See Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) ("One good reason to deny leave to amend is when such leave would be futile.").

### CONCLUSION

For the foregoing reasons, plaintiff's motion to certify is **DENIED**. CMS's motion to dismiss under Rule 12(b)(2) is **GRANTED** with prejudice.

SO ORDERED.

Dated:      Brooklyn, New York
              March 4, 2020

/s/
I. Leo Glasser          U.S.D.J.

---

[7] The Court does not address CMS's motion to dismiss for failure to state a claim. *See Mitchell v. Reitnour*, No. 18-CV-4867 (SJF) (ARL), 2019 WL 5695946, at *5 (E.D.N.Y. Aug. 12, 2019), *report and recommendation adopted*, 2019 WL 4253977 (E.D.N.Y. Sept. 9, 2019) ("Having found that this Court lacks personal jurisdiction over Defendants, this Court lacks the power to dismiss the complaint for failure to state a claim." (citing cases)).